IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Clark, | C/A No. 0:20-1865-RBH-PJG |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| South Carolina Department of Corrections, *(SCCD) for the gross negligent acts of It's [sic] employees Sgt. S. Johnson and Cpl. Calosso*, | |
| Defendant. | |

Plaintiff Anthony Clark, a self-represented state prisoner, filed this action pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq., in the Dorchester County Court of Common Pleas. The defendant removed this matter asserting that the court has federal question jurisdiction. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the defendant's motion to dismiss. (ECF No. 30.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 31.) Plaintiff filed a response in opposition to the motion (ECF No. 38), and the defendant filed a reply (ECF No. 40).

The court construes Plaintiff's Complaint as asserting only a claim of gross negligence pursuant to the South Carolina Tort Claims Act. (Compl., ECF No. 1-1 at 3.) While the Complaint contains a passing reference to "cruel and unusual punishment," Plaintiff expressly stated that his claims arose under the South Carolina Tort Claims Act. See, e.g., Warthman v. Genoa Twp. Bd. of Trustees, 549 F.3d 1055, 1064 (6th Cir. 2008) ("A reference to the U.S. Constitution in a

complaint should be read in the context of the entire complaint to fairly ascertain whether the reference states a federal cause of action or . . . simply supports an element of a state claim."). This conclusion is further supported by the way Plaintiff identified the defendant in the caption of the Complaint and in the first sentence of the Complaint as the "South Carolina Department of Corrections" for the *gross negligence* of its employees Sgt. S. Johnson and Cpl. Calosso. Also, the South Carolina Department of Corrections is the only defendant identified on the summons and the only party for which counsel has appeared. All of this indicates a plaintiff who is trying to sue a state agency for gross negligence of its employees, which could only be accomplished through the South Carolina Tort Claims Act.

In any event, even if the Complaint could properly be construed as trying to assert a claim for a constitutional violation of the Eighth Amendment's proscription against cruel and unusual punishment pursuant to 42 U.S.C. § 1983, the South Carolina Department of Corrections is not a person amenable to suit pursuant to § 1983, so such a claim would be subject to dismissal. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67-68, 71 (1989) (holding that neither a State nor its officials acting in their official capacities are "persons" under § 1983, and finding Congress did not intend to override the State's sovereign immunity by enacting the statute). Consequently, the court recommends that this case be remanded to the Dorchester County Court of Common Pleas. 28 U.S.C. § 1367(c). The defendant's motion to dismiss (ECF No. 30) should be terminated as moot.[1]

---

[1] Plaintiff moves to amend the Complaint to assert a battery claim against an individual employee of the defendant. (ECF No. 20.) But such a claim would be precluded by the South Carolina Tort Claims Act. See S.C. Code Ann. § 15-78-70(a) ("An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." Therefore, the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that a motion to amend may be denied for futility). Consequently, that motion is denied.

                                                                                          _____

October 29, 2020                              Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE

                    *The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).